```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

KENGEE E. FORD,                    )
                                   )
           Plaintiff,              )
                                   )
v.                                 )   Case No. CIV-23-088-JFH-JAR
                                   )
MERCY CLINIC;                      )
STAFF MEMBER #1; and               )
STAFF MEMBER #2,                   )
                                   )
           Defendants.             )
```

### FINDINGS AND RECOMMENDATION

This matter comes before the Court on a review for Plaintiff's compliance with this Court's Order to Show Cause entered August 16, 2023. This case was referred to the undersigned by United States District Judge John F. Heil, III on April 6, 2023.

Plaintiff initiated this case acting *pro se* on March 8, 2023. In the barest of Complaints, Plaintiff alleges a "civil rights violation 1964 racial discrimination" against Defendants. Plaintiff claims damages for this unspecified violation in the amount of $1,000,000.00. (Docket Entry #3). Judge Heil granted Plaintiff *in forma pauperis* status by Order entered March 20, 2023. (Docket Entry #6).

On March 22, 2023, the Clerk of this Court sent correspondence to Plaintiff informing him of the requirement that he complete the enclosed USM-285 forms in order to permit the United States Marshal's Service to effectuate service upon Defendants on

Plaintiff's behalf. The Clerk requested that the forms be completed, signed, and returned to the Court within ten days. (Docket Entry #7). Plaintiff did not return the forms to the Clerk as directed.

By Order entered August 16, 2023, this Court found that Plaintiff had not served Defendants within 90 days of the filing of the Complaint - the time required by the Federal Rules of Civil Procedure and that, therefore, the case was subject to dismissal. Fed. R. Civ. P. 4(m). The Court directed and informed Plaintiff as follows in the Order:

> Plaintiff shall, therefore, be required to show cause in writing as to why this case should not be dismissed for the failure to obtain service within the time required by law no later than SEPTEMBER 5, 2023. THE FAILURE TO FILE THE SHOW CAUSE REPORT BY THE DESIGNATED DATE SHALL RESULT IN THE RECOMMENDATION TO THE PRESIDING UNITED STATES DISTRICT JUDGE THAT THIS CASE BE DISMISSED WITHOUT FURTHER ORDER OR HEARING.

(Docket Entry #9).

The Clerk was directed to mail the Order to Plaintiff at his last known address by return receipt. On August 23, 2023, the Clerk filed the return receipt showing that Plaintiff received a copy of the Order on August 16, 2023. (Docket Entry #10). To date, Plaintiff has not shown cause in writing as to why this case should not be dismissed.

The record of this case remains that Plaintiffs failed to serve Defendants within 90 days after the commencement of this case in violation of Fed. R. Civ. P. 4(m) and, therefore, dismissal is mandated. Moreover, Plaintiff failed to comply with this Court's Order to show cause in writing as to why the case should not be dismissed for the failure to obtain timely service. Accordingly, Plaintiff has failed to prosecute this action and failed to comply with this Court's Order. "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009) quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Id. quoting Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007). Since service has not be obtained and Plaintiffs have failed to prosecute this case, this Court would recommend that the case be dismissed without prejudice.

IT IS THE RECOMMENDATION OF THE UNDERSIGNED that this action be **DISMISSED WITHOUT PREJUDICE** to refiling based upon Plaintiff's failure to timely serve Defendants, the failure to prosecute the

3

case, and the failure to comply with this Court's Order.

The parties are given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with the Clerk of the Court. Any such objection shall be limited to ten (10) pages in length. The failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ORDERED this 13th day of December, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE